**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rhett Christopher TRUJILLO,
Defendant–Appellant.**

**No. 12–50429.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 2013.

Filed May 21, 2013.

Curtis A. Kin, Esquire, Assistant U.S., Vibhav Mittal, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Alexandra Wallace Yates, Federal Public Defender, FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: FERNANDEZ, RAWLINSON, and BYBEE, Circuit Judges.

MEMORANDUM *

Appellant Rhett Christopher Trujillo (Trujillo) appeals the sentence imposed by the district court. We affirm.

1. The district court did not err in applying a 5–level enhancement under U.S.S.G. § 2B5.1(b)(2)(A) because there was sufficient evidence in the record to support the court's finding that Trujillo used the materials in his possession to manufacture counterfeit currency. *See United States v. Allen,* 434 F.3d 1166, 1172 (9th Cir.2006) (holding that the enhancement under § 2B5.1(b)(2)(A) applies where there is "some linkage" between the counterfeiting materials in the defendant's possession and "the actual production of counterfeit obligations").

2. Trujillo's sentence was both procedurally sound and substantively reasonable. The sentence was procedurally sound because the district court properly applied the enhancement under U.S.S.G. § 2B5.1(b)(2)(A), correctly calculated the Sentencing Guidelines range, and considered the 18 U.S.C. § 3553(a) factors. *See United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (en banc) (discussing procedural error). The resulting within-Guidelines sentence was substantively reasonable. *See United States v. Blinkinsop,* 606 F.3d 1110, 1116 (9th Cir.2010) (noting that a within-Guidelines sentence is generally reasonable in the "mine run of cases").

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.